UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jake Earl Hendrix,<br><br>                Petitioner,<br><br>vs.<br><br>South Carolina Department of Corrections,<br>Director Michael Moore<br><br>                Respondent. | ) C/A No. 4:14-971-JMC-TER<br>)<br>)<br>)<br>) REPORT AND RECOMMENDATION<br>)<br>)<br>)<br>) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 was submitted to the court by a state prison inmate appearing *pro se.* Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**BACKGROUND**

Jake Hendrix ("Petitioner") is currently imprisoned in the state of Texas. In April of 1995, in General Sessions Court in Laurens County, South Carolina, Petitioner pleaded guilty and was sentenced for committing a lewd act on a minor (95-GS-30-226). ECF No. 12. Petitioner indicates that he appealed his conviction with a result issued in 1997. *Id.* He also indicates that he filed an application for post conviction relief which was decided in 1997. *Id*. Although Petitioner indicates that he believes his case was "overturned" on appeal, this is inconsistent with the public records index from Laurens County which indicates that a Judgment on his PCR was entered on February

1

27, 1997. *See generally*, *In Re Katrina Canal Breaches Consol. Litig.*, 533 F. Supp. 2d 615, 631-33 & nn.14-15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); *Williams v. Long*, 585 F. Supp. 2d 679, 686-88 & n.4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating). Additionally, Petitioner acknowledges in his Petition that he was released in 1998. *Id*. Petitioner has now filed the instant Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 in which he seeks to challenge his 1995 conviction. He seeks to have certain convictions "removed" from his criminal record. He also seeks to challenge the requirement that he be required to register as a sex offender as a result of his 1995 conviction. Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed for lack of jurisdiction, because the conviction and sentence Petitioner challenges has expired such that Petitioner is no longer "in custody."

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review was made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151

(4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, it is recommended that the Petition submitted in this case be summarily dismissed.

## DISCUSSION

Petitioner has filed his petition for writ of habeas corpus under 28 U.S.C. § 2254, which states:

> A district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

It is well settled that an individual must be "in custody" in order to be eligible for federal habeas corpus relief. See 28 U.S.C. § 2254(a); *Carafas v. La Vallee*, 391 U.S. 234, 238, 88 S.Ct. 1556, 20

3

L.Ed.2d 554 (1968); *Leonard v. Hammond*, 804 F.2d 838, 842 (4th Cir.1986); *Butts v. South Carolina*, 2011 WL 6114780 (2011); *Pringle v. Court of Common Pleas*, 744 F.2d 297, 300 (3rd Cir.1984). The "in custody" requirement must be satisfied at the time the petition is filed with the federal district court. *Carafas v. Vallee*, 391 U.S. at 238. Moreover, a person who files a habeas petition after he has fully served his sentence is not "in custody" for purposes of a federal district court's subject matter jurisdiction, and a habeas petition filed by such a person would be properly denied. *DeLong v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir.1990); see also *Lefkowitz v. Fair*, 816 F.2d 17, 20 (1st Cir.1987) (habeas petition filed after individual unconditional release from prison properly denied by district court). Although a person who is subject to a probationary sentence is considered "in custody" for purposes of § 2254; "a sentence that has been fully served does not satisfy the custody requirement of the habeas statute, despite the collateral consequences that generally attend a criminal conviction." *Tinder v. Paula*, 725 F.2d 801, 803 (1st Cir.1984). Additionally, many courts have held that mandatory sex offender registration, after completion of a sentence, does not satisfy the "in custody" requirement of 28 U.S.C. § 2254. *Butts v. South Carolina*, 2011 WL 6114780 (2011); See *Virsnieks v. Smith*, 521 F.3d 707, 720 (7th Cir.2008) ("[T]he registration requirements resemble more closely those collateral consequences of a conviction that do not impose a severe restriction on an individual's freedom of movement."); *Leslie v. Randle*, 296 F.3d 518 (6th Cir.2002); *Williamson v. Gregoire*, 151 F.3d 1180 (9th Cir.1998); *Wilson v. Flaherty*, Civil Action No. 3:10–cv–536, 2011 WL 2471207 at *3 (E.D.Va. June 20, 2011) ("[F]ederal courts have unanimously held that sex-offender registration and its collateral consequences do not qualify as 'custody' for habeas relief.") (citations omitted). Accordingly, as Petitioner is not "in custody" for habeas purposes, this court lacks jurisdiction over Petitioner's

4

habeas action and the Petition is subject to dismissal.

## RECOMMENDATION

Accordingly, the court recommends that the instant Petition be summarily dismissed for lack of subject matter jurisdiction. See *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir.2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir.1996) (a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit); *Allen v. Perini*, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir.1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return).

The Petitioner's attention is directed to the important notice on the next page.

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

May 8, 2014
Florence, South Carolina

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).