# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Jake Hendrix, ) | |
| ) | Civil Action No. 4:14-cv-00971-JMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| The State of South Carolina; Michael ) | |
| Moore, Director South Carolina Department ) | |
| of Corrections, ) | |
| ) | |
| Respondents. ) | |
| _____) | |

Petitioner Jake Hendrix ("Petitioner") filed this *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, alleging ineffective assistance of counsel, mental incompetency, and involuntary guilty plea. (ECF No. 14.)

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial handling. On May 8, 2014, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court summarily dismiss the Petition for lack of subject matter jurisdiction. (ECF No. 17.) This review considers Plaintiff's Objection to Report and Recommendation ("Objections"), filed May 27, 2014. (ECF No. 19.) For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report. The court thereby **DISMISSES** Petitioner's Petition (ECF Nos. 1, 14).

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the Magistrate Judge's Report is accurate, and the court adopts this summary as its own. (*See* ECF No. 17.) The court will only recite herein facts pertinent to the analysis of Petitioner's Objections.

1

Petitioner is currently incarcerated within the Texas Department of Criminal Justice on a conviction subsequent to the conviction he challenges in this Petition. *See* Texas Department of Criminal Justice Offender Information Search, http://offender.tdcj.state.tx.us/OffenderSearch/.[1] On April 24, 1995, Petitioner pled guilty to a charge of a lewd act on a minor in the 8th Judicial Circuit Court in Laurens County, South Carolina. (ECF No. 14 at 1.) Petitioner was released from prison in 1998. (*Id.* at 14.) On March 19, 2014, Petitioner filed a Petition pursuant to 28 U.S.C. § 2241, alleging (1) "ex post facto," that he was impermissibly forced to register as a sex offender upon his release, even though such registration was not required when he was convicted, (2) failure to prosecute a new trial, and (3) void guilty plea. (ECF No. 1.) On April 2, 2014, the Magistrate Judge issued a Proper Form Order, requiring Petitioner to refile his Petition using the proper 28 U.S.C. § 2254 form, as Petitioner is challenging a state conviction. (ECF No. 9.) Petitioner then filed an amended Petition under 28 U.S.C. § 2254 on May 8, 2014, alleging (1) ineffective assistance of counsel, (2) mental incompetency, and (3) involuntary guilty plea. (ECF No. 14.) Also on May 8, 2014, the Magistrate Judge issued the Report, recommending the court summarily dismiss the Petition for lack of subject matter jurisdiction, as Petitioner is no longer incarcerated and was not incarcerated when he filed his Petition. (ECF No. 17.) Petitioner timely filed his Objections on May 27, 2014. (ECF No. 19.)

## II. LEGAL STANDARD AND ANALYSIS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a

---

[1] Under Federal Rule of Evidence 201(b), "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Postings on government websites are inherently authentic or self-authenticating. *See Williams v. Long*, 585 F. Supp. 2d 279, 686-89, 688 n.4 (D. Md. 2008).

2

recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If the petitioner fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

As Petitioner is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

Petitioner's Objections lack the requisite specificity required by Federal Rule of Civil Procedure 72(b). In his Objections, Petitioner repeats arguments outlined in his Petition, but

3

fails to address the Magistrate Judge's analysis regarding subject matter jurisdiction. "The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Although Petitioner is currently in custody, he is not in custody for the conviction he challenges. Petitioner makes no argument in the Petition to any "violation of the Constitution or laws or treaties of the United States" with regard to the conviction for which he is currently incarcerated and offers no argument to refute the Magistrate Judge's conclusion that Petitioner is not in custody for the challenged conviction. As such, he has failed to properly object to the Report with specificity, and therefore, the court does not need to conduct a *de novo* review and instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond,* 416 F.3d at 315. The court does not find clear error and accepts the Report by the Magistrate Judge.

### III. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report of the Magistrate Judge and the record in this case, the court **ACCEPTS** the Report of the Magistrate Judge (ECF No. 17). It is therefore ordered that the Petition (ECF Nos. 1, 14) is **DISMISSED** with prejudice.

### Certificate of Appealability

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue… only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability… shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*/s/ J. Michelle Childs*

United States District Judge

April 8, 2015
Columbia, South Carolina

5